IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Samantha Tolene, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 14 CV 02671 |
| | ) | |
| v. | ) | Judge Joan H. Lefkow |
| | ) | |
| T-Mobile, USA, Inc., | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

### FIRST AMENDED COMPLAINT

Plaintiff, by counsel, alleges as follows:

### JURISDICTION AND VENUE

1. This action arises under the Fair Labor Standards Act of 1983, as amended, specifically 29 U.S.C. § 207(r) and § 215(a)(2-3).

2. Plaintiff brings this complaint pursuant to 29 U.S.C. § 216(b).

3. This action also arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2 and § 2000e-39(a).

4. Plaintiff invokes this court's supplemental jurisdiction to enforce plaintiff's rights under the Illinois Nursing Mothers in the Workplace Act, 820 ILCS 260, the Illinois common law tort of retaliatory discharge, and the Illinois Human Rights Act, 775 ILCS 5.

5. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and § 1367.

## PARTIES

6. Plaintiff Samantha Tolene resides in the Northern District of Illinois.

7. Defendant T-Mobile USA, Inc. is a Delaware corporation headquartered in Bellevue, Washington.

8. Tolene was an employee of T-Mobile from April 2010 to January 2014.

## FACTS

9. In January 2014, Tolene returned from an approved leave (for the birth of her baby).

10. Upon her return, Tolene requested from her employer a place at her work location (other than a bathroom, shielded from view, and free from intrusion from coworkers and the public) in order to express milk for her newborn.

11. Her employer did not provide such a place.

12. Tolene was harmed by T-Mobile's refusal to comply with the law in that she was presented with the choice of returning to work or continuing to breastfeed her child (instead of being allowed to do both).

13. Tolene made complaints/reports that she was not being provided such a place.

14. Subsequently, T-Mobile terminated Tolene.

15. Tolene has been harmed by her termination in that she has lost wages and benefits, lost earning power, and suffered emotional distress.

## CAUSES OF ACTION

### Fair Labor Standards Act

16. Plaintiff re-alleges paragraphs 1-15 as if alleged here.

17. T-Mobile's failure to provide Tolene with a place at her work location (other than a bathroom, shielded from view, and free from intrusion from coworkers and the public) in order to express milk for her newborn violates the Fair Labor Standards Act.

18. T-Mobile's termination of Plaintiff in retaliation for her complaints violates the Fair Labor Standards Act.

WHEREFORE plaintiff requests that judgment be entered against the defendant and that she be awarded all remedies to which she is entitled under the law, including but not limited to reinstatement, the payment of wages lost, an additional equal amount as liquidated damages, any other appropriate remedies, attorney's fees, and costs.

### Illinois Nursing Mothers in the Workplace Act

19. Plaintiff re-alleges paragraphs 1-15 as if alleged here.

20. T-Mobile's failure to provide Tolene with a place at her work location (other than a bathroom, shielded from view, and free from intrusion from coworkers and the public) in order to express milk for her newborn violates the Illinois Nursing Mothers in the Workplace Act.

21. T-Mobile's termination of Plaintiff in retaliation for her complaints violates the Illinois Nursing Mothers in the Workplace Act.

WHEREFORE plaintiff requests that judgment be entered against the defendant and that she be awarded all remedies to which she is entitled under the law, including but not limited to back pay, punitive damages, emotional distress damages, and costs.

### Retaliatory Discharge (Illinois common law tort)

22. Plaintiff re-alleges paragraphs 1-15 as if alleged here.

23. There is a public policy against terminating employees because they have complained to their employer about a violation of the law.

24. T-Mobile's termination of Plaintiff in retaliation for her complaints violates the Illinois common law tort of retaliatory discharge.

WHEREFORE plaintiff requests that judgment be entered against the defendant and that she be awarded all remedies to which she is entitled under the law, including but not limited to back pay, punitive damages, emotional distress damages, and costs.

### Title VII

25. Plaintiff re-alleges paragraphs 1-15 as if alleged here.

26. T-Mobile discriminated against Tolene based on her sex and her pregnancy when it refused to provide her with space to pump breast milk for her newborn upon her return to work.

27. If she had been a man who needed private space for a physiological need, T-Mobile would have provided it to her.

28. Instead, T-Mobile forced her to choose between working and breastfeeding her newborn.

29. T-Mobile retaliated against Tolene for complaining about not being provided the private space to pump by terminating her.

30. T-Mobile's discrimination and retaliation against Tolene violate Title VII.

WHEREFORE plaintiff requests that judgment be entered against the defendant and that she be awarded all remedies to which she is entitled under the law, including but not limited to back pay; compensatory damages for emotional distress, mental anguish and loss of enjoyment of life; punitive damages; injunctive relief (i.e., reinstatement); attorney's fees; and costs.

### Illinois Human Rights Act

31. Plaintiff re-alleges paragraphs 1-15 as if alleged here.

32. T-Mobile discriminated against Tolene based on her sex and her pregnancy when it refused to provide her with space to pump breast milk for her newborn upon her return to work.

33. If she had been a man who needed private space for a physiological need, T-Mobile would have provided it to her.

34. Instead, T-Mobile forced her to choose between working and breastfeeding her newborn.

35. T-Mobile retaliated against Tolene for complaining about not being provided the private space to pump by terminating her.

36. T-Mobile's discrimination and retaliation against Tolene violate the Illinois Human Rights Act.

WHEREFORE plaintiff requests that judgment be entered against the defendant and that she be awarded all remedies to which she is entitled under the law, including but not limited to back pay; injunctive relief (i.e., reinstatement); actual damages, including emotional distress, mental anguish and loss of enjoyment of life; attorney's fees; and costs.

**Plaintiff demands trial by jury.**

BY: <u>Julie O. Herrera</u>
Julie O. Herrera

Law Office of Julie O. Herrera
53 W. Jackson, Suite 1615
Chicago, IL 60604
Tel: 312-697-0022
Fax: 312-697-0812